**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| D.C., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | : | **Civil Action No. 24-06217 (SRC)** **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff D.C. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, filed August 15, 2018, alleging disability beginning May 20, 2019. The claim was denied initially on December 14, 2018, and upon reconsideration on March 18, 2019. Plaintiff then filed a written request for a hearing, which was held before ALJ Kenneth Ayers (the "ALJ") on January 11, 2023. The ALJ issued an unfavorable decision on February 24, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the February 24, 2023 decision, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels as defined in 20 C.F.R. 404.1567(b), with certain additional nonexertional limitations. At step four, the ALJ also found that Plaintiff had no past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy that the claimant can perform, consistent with his medical impairments, age, education, and residual functional capacity. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and remanded because: 1) the RFC was not based on substantial evidence, but rather the ALJ's lay opinion; and 2) the ALJ did not issue a reviewable paragraph C criteria finding at step three.

In reviewing the ALJ's determination, this Court must affirm the Commissioner's final decision if it is "supported by substantial evidence." 42 U.S.C. § 405(g). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011). Further, on appeal, Plaintiff carries twin burdens of proof. First, Plaintiff bears the burden at the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Second, Plaintiff bears the burden of showing not merely that the Commissioner erred, but also that the error was harmful. Shinseki v. Sanders, 556 U.S. 396, 409 (2009). At the first four steps, this requires that Plaintiff show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he

is quite unlikely to show that an error was harmful.

For a district court to be able to find that an ALJ's opinion is supported by substantial evidence, that ALJ must explain his reasoning such that his determination is amenable to meaningful review. See Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119 (3d Cir. 2000). While the ALJ is not required to "use particular language or adhere to a particular format in conducting his analysis," she must provide "sufficient . . . explanation of findings to permit meaningful review." Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

Plaintiff first argues that the ALJ's RFC determination at step four was not supported by substantial evidence because the ALJ improperly substituted his own lay opinion in evaluating the medical testimony regarding Plaintiff's mental health conditions. In deciding the Plaintiff's RFC, the ALJ found that the Plaintiff had the RFC to perform a full range of work at all exertional levels with the following limitations: "The claimant is able to perform simple, routine tasks and make simple work-related decisions. The claimant is able to occasionally interact with supervisors, co-workers and the public. He is able to tolerate no more than occasional changes in routine work setting." (Tr. 24). Plaintiff argues that the RFC determination failed to adequately consider the opinions of Dr. Roque, Dr. Gardner, and Dr. Baharlias, which indicated more severe mental impairments, necessitating additional limitations.

In determining a Plaintiff's RFC, the ALJ must explain his reasoning in assessing the persuasiveness of medical testimony with a particular focus on supportability and consistency. 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions ... The factors of supportability... and consistency... are the most important factors we consider."). Because the Court finds that the ALJ adequately articulated why, and to what degree he found each of the physicians' opinions to be persuasive, the Plaintiff's

argument fails.

In his decision, the ALJ provided a long paragraph discussing the medical opinion evidence from the state agency reviewing physicians. The ALJ found the opinions of the state agency reviewing physicians to be "overall persuasive with reduction in persuasiveness since they last reviewed the record a long time ago in 2019." (Tr. 30). The ALJ noted that the state agency reviewing physicians had opined that Plaintiff had mild to moderate limitations in the four realms of mental functioning. (Tr. 30.) The ALJ relied on the opinions of the state agency physicians when concluding that "[r]egarding his mental impairments, the evidence discussed throughout this decision shows that the claimant has no more than mild to moderate difficulties in mental functioning." (Tr. 31). Further, the ALJ found, that "although mental examinations have shown some abnormalities, most of the examinations are largely indicative of stable mental impairments."(Tr. 31). This conclusion is supported by substantial evidence.

In reaching this conclusion, the ALJ also evaluated the opinions of Dr. Roque and Dr. Gardner, and the examination by Dr. Baharlias individually, and in conjunction with other evidence in the medical record. The ALJ considered the examination of Dr. Baharlias, which took place on October 26, 2018, noting that the "doctor failed to offer an opinion regarding the claimant's vocational abilities." (Tr. 30). The ALJ indicated that the Plaintiff's mental status evaluation was generally unremarkable albeit with paranoid ideation, and that that he was pleasant, cooperative, and behaved appropriately. He further stated in his decision that the Plaintiff

> "answered all questions correctly on the information and orientation subtest of the Weschler Memory Scales. He was able to perform a three-step mathematical activity and serial sevens. He was able to spell "world" in reverse order. He was able to remember six numbers forward and four numbers in reverse inconsistently. His intellectual functioning was assessed in at least the average range. His insight and judgement were adequate."

(Tr. 26). Ultimately, based upon the results of this examination, the ALJ found that the evaluation "demonstrate[d] some functional limitation but not to the extent of disability." (Tr. 26).

Regarding the opinion of Dr. Roque, an internist, the ALJ found "the persuasiveness of Dr. Roque's opinion reduced because it is based on a one-time evaluation and there are largely no physical limitations, which the undersigned finds is supported by the medical evidence of record." (Tr. 30). While Plaintiff argues that Dr. Roque's determination that he could perform ambulatory work at his own pace indicated additional mental limitations, the ALJ found, "[i]t is unclear why Dr. Roque added 'ambulatory type work at his own pace' as this is not explained or otherwise supported as the examination findings noted the claimant ambulated with a normal gait without the use of an assisted device and had normal strength." (Tr. 30).

The ALJ found the persuasiveness of the opinion of Dr. Gardner reduced because the opinion was "based on a one-time evaluation and was not supported by the medical evidence of record as a whole." (Tr. 31). The ALJ found that, while Dr. Gardner found moderate to marked impairments, "[i]t is unclear what in the examination findings led the consultative examiner to find a marked impairment in reacting appropriately to normal work pressure." (Tr. 31). Indeed, the ALJ's assessment is supported by the plain text of Dr. Gardner's statement of opinion, which does not explain the basis for the conclusion that the claimant manifests a marked impairment in reacting appropriately to normal work pressure. Pursuant to 20 C.F.R. § 404.1520c, the presence or absence of supporting explanations is a key part of the supportability factor.

On this same subject, the ALJ also states: "The mental status examinations from claimant's treating source in Exhibits 16F and 18F-19F, would not be supportive of more than moderate limitations." (Tr. 31.) The ALJ found that Dr. Gardner's opinion was unpersuasive because he did not explain the basis for finding the marked impairment. In addition, the ALJ's evaluation is

consistent with the opinions of state psychologists Dr. Meyers and Dr. Shapiro, who found that the Plaintiff had no more than moderate mental functioning limitations, and had the ability to complete routine tasks with some social limitations (Tr. 82-83, 93, 97). Thus, this Court is satisfied that there was sufficient reason for the ALJ to find Dr. Gardner's opinion unpersuasive.

In addition to evaluating the opinions of Dr. Baharlias, and Dr. Gardner, the ALJ considered the Plaintiff's testimony and daily routine in determining the RFC. The ALJ found that the Plaintiff's active daily activities, including personal hygiene, performance of household chores, managing his finances, and using his computer supported the RFC determination. In sum, this Court finds that the ALJ provided a sufficient rationale as to how the medical record supported his reached his RFC determination, which is supported by substantial evidence.

The Plaintiff next turns to the ALJ's analysis at step three, arguing that the Plaintiff met the requirements of Listings 12.04, 12.06, and 12.07, and the ALJ failed to issue a reviewable decision regarding his Paragraph C determination. In short, this Court finds that the Plaintiff does not muster the evidence to demonstrate that he meets all the requirements of any of the Listings, and fails to persuade this Court that any error in the step three analysis was harmful.

The ALJ found that "[t]he record does not establish that the claimant has only marginal adjustment, that is, a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life." (Tr. 23-24). In support of this finding, the ALJ highlighted that the Plaintiff's mental health conditions had not required psychiatric hospitalization and that he attended doctors' appointments. Plaintiff argues that the record does indeed show only marginal adjustment because:

> "[t]he evidence of record clearly shows that plaintiff, age 27-31 during the period at issue, is a ward of his parents, is wracked with an array of strange and abnormal fears which paralyze his life, leaving him confined to home and isolated from regular society. He

> remains in a relatively "safe" isolation with little or no ability or capacity to venture outside of that environment, much less directly into a competitive workplace."

(Pl. Br. at 33). Thus, Plaintiff argues, the ALJ's paragraph C finding was in error, necessitating remand.

This Court disagrees. Under Shinseki, the Plaintiff must show not only that the ALJ has made an error, but also that the error harmed him. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

The step three inquiry considers the question of whether Plaintiff meets all the requirements of any specific impairment in the Listings. The ALJ concluded that Plaintiff did not meet the requirements of any specific Listing. Plaintiff, on appeal, contends that he meets all the requirements for listings 12.04, 12.06, and 12.07, but does not muster the evidence of record, with citations to specific pages of the record, to demonstrate that all the requirements for each of Listings have been met. Thus, while Plaintiff argues on appeal that the ALJ made many errors in the step three analysis, Plaintiff does not muster the evidence of record to make a demonstration that he meets every requirement of any specific Listing. Plaintiff has thus failed to carry his burden of proof under Shinseki to demonstrate that any errors were material and prejudicial.

Furthermore, the Court has reviewed the ALJ's decision at step three and finds that the ALJ provided a detailed and clear explanation of the basis in the evidence of record for the determination that Plaintiff did not meet the requirements of Listings 12.02, 12.04, and 12.06. (Tr. 27-28.)

Plaintiff has failed to persuade this Court that the ALJ erred in his decision, or that Plaintiff

was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: November 20, 2026